[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas petition, framed in a three-count amended petition dated September 12, 1994, the petitioner claims that his present incarceration is unlawful on the basis of his assertion that he was denied the effective assistance of trial counsel in the criminal proceedings leading to his conviction, and that he was deprived of a constitutional right to have new counsel represent him on appeal.
The petitioner claims specifically that trial counsel conducted an inadequate pre-trial investigation, failed to call witnesses whose testimony would have aided the defense, and failed to consult properly with the petitioner during the trial concerning trial tactics and procedures. With respect to his appellate rights claim, the petitioner asserts that the court failed to appoint new counsel to represent him on appeal thereby leaving him, an indigent and legally unskilled person, without the means to pursue an appeal. Based on the evidence adduced at the habeas hearing, the court makes the following findings and order.
On April 27, 1992, following a jury trial in the Hartford Judicial District Superior Court, in Docket Number CR 91-0411433, the petitioner was found guilty of the criminal offenses of Burglary in the First Degree in violation of Connecticut General Statutes § 53a-101 (a)(2), Sexual Assault in the First Degree in violation of C.G.S. § 53a-70a(1), Unlawful Restraint in the First Degree in violation of C.G.S. § 53a-95 (a), and CT Page 5776 Assault in the Third Degree in violation of C.G.S. § 53a-61
(a)(1). On June 11, 1992, the petitioner was sentenced to a total effective sentence of twenty years confinement in the custody of the Commissioner of Corrections. The petitioner is presently incarcerated serving the imposed sentence.
At trial, the petitioner was represented by Assistant Public Defender Kenneth Simon. The court deduces from this representation that the petitioner, eligible for public defender services, was indigent during the underlying criminal process. The State was represented by Senior Assistant State's Attorney Herbert Carlson.
The petitioner was incarcerated prior to the trial. Following conviction, he did not post an appeal bond. Nor did he appeal his conviction. The petitioner, who is represented by a special public defender in this habeas petition, has remained indigent throughout the criminal and the ensuing habeas procedures.
In the criminal trial, the State's evidence against the petitioner was that on May 15, 1991, the petitioner visited the Hartford home of the victim, a former girlfriend with whom he shared a child. The victim testified that the petitioner physically and sexually assaulted her, and that he bound her wrists during the sexual assault. Testifying for the State, in addition to the victim, were two Hartford police officers, a school social worker who testified to seeing bruises on the victim shortly after the assault, and a neighbor who also testified that he saw red marks on the victim's neck several days after the assault. While the petitioner did not testify, defense counsel called the petitioner's sister to testify. In addition, counsel adduced testimony that the victim had made a false allegation that the petitioner had personally threatened her after the incident.
The petitioner, who is forty three years old, was born in Puerto Rico where he had nine years of formal education. He came to the continental United States when he was approximately nineteen years old. During the habeas and criminal trials, the petitioner was afforded the services of a Spanish-speaking interpreter. While the petitioner has made some progress in English fluency during his post conviction incarceration, at the time of the criminal trial he was not fluent in English. Nor did he read English. CT Page 5777
In order for the petitioner to succeed in his claim that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v.Washington, 466 U.S. 668 (1984), Bunkley v. Commissioner,222 Conn. 444 (1992), Copas v. Commissioner, 234 Conn. 139 (1995).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the Federal constitution and by Article First, Section 8 of the Connecticut constitution. In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352 (1989). Competent representation is not to be equated with perfection. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." Jeffrey v. Commissioner,36 Conn. App. 216 (1994) (citations omitted). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Citations omitted; internal quotations marks omitted.) Johnson v. Commissioner, 36 Conn. App. 695 (1995).
The Strickland court also gave guidance to the trial bench for its assessment of ineffective claims. The Supreme Court opined: "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy'. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable CT Page 5778 professional judgment." (Citations omitted.) Strickland v.Washington, supra, 466 U.S. 689-90; Quintana v. Warden,220 Conn. 1 (1991); Williams v. Warden, 217 Conn. 419 (1991); Jeffrey v.Commissioner, 36 Conn. App. 216 (1994).
With respect to the prejudice component of the Strickland
test, the petitioner must demonstrate that, ". . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v.Washington, supra 466 U.S. 687. Thus, "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v.Commissioner, 234 Conn. 139 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland v. Washington, supra 466 U.S. 694. "`When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.'"Fair v. Warden, 211 Conn. 398, 408 (1989); Jeffrey v.Commissioner, 36 Conn. App. 216 (1994).
Having reviewed the trial transcript, the court finds that the petitioner has failed to establish that Attorney Simon's trial performance was ineffective. To the contrary, the court finds that Attorney Simon's examinations of the State's witnesses were focused, vigorous, and probing, albeit unsuccessful.
With respect to the petitioner's claim that counsel did not adequately consult with him during the trial, the transcript reflects that on several occasions counsel asked the court for additional time to discuss trial developments with the petitioner. The petitioner has failed to adduce credible evidence that counsel failed adequately to consult with him concerning trial tactics and trial process. At issue, however, was the petitioner's level of understanding. Because of his concerns that the petitioner may not have understood trial events as they occurred, Attorney Simon, both during the trial and prior to sentencing, moved the court to have the petitioner's competency to stand trial examined pursuant to applicable provisions of CT Page 5779 C.G.S. § 54-56d. In pursuit of these motions, trial counsel specifically noted that the petitioner did not seem able to make an election to be tried before a jury, and that he did not appear to understand the trial process as it was evolving. Each motion was denied.
The petitioner also claimed that counsel failed to conduct an adequate pre-trial investigation, and that he failed to present appropriate exculpatory witnesses. During the habeas hearing, Attorney Simon testified credibly that he had several pre-trial meetings with the petitioner. Attorney Simon, who speaks no Spanish, indicated that he utilized the services of a Spanish interpreter to assist him in his conversations with the petitioner. The court finds no fault in the quality or amount of pretrial time Attorney Simon spent with the petitioner.
With respect to the claim that Attorney Simon failed to call witnesses on his behalf, the petitioner asserted at the habeas trial that his brother, now residing in Puerto Rico, was then living in Connecticut and would have been available to testify at the criminal trial concerning the mental health of the victim as a means to undercut her credibility. At the criminal trial, Attorney Simon did call the petitioner's sister whose testimony concerned the victim's stability and credibility. The petitioner has failed to meet his burden that his brother's testimony, if proffered, would have been any more than cumulative.
The court finds that Attorney Simon's representation of the petitioner at trial, and in trial preparation, was well within the parameters of effectiveness.
The petitioner's second claim is that he was denied the right to counsel on appeal. This claim has merit. On June 11, 1992, following sentencing, the petitioner was informed by the court clerk of his right to appeal his conviction. The petitioner, however, dissatisfied with Attorney Simon, kept the papers himself and told Attorney Simon that he did not want him to take any further steps on his behalf. He told Attorney Simon that he was going to take care of the appeal himself. On this same day, court costs associated with the underlying criminal prosecution were waived by the court on the basis of the petitioner's indigence.
On June 15, 1992, Attorney Simon wrote the petitioner at his place of incarceration asking the petitioner to let him know his CT Page 5780 intentions and alerting him to the fact that he only had twenty days from June 11, 1992 in which to file an appeal. This letter was written in English to the petitioner.
Uncomfortable that the petitioner would not permit him to file appeal papers on his behalf, Attorney Simon, on June 29, 1992, drafted and filed an Application for Waiver of Fees, Costs and Expenses, and Appointment of Counsel on Appeal for the petitioner as a way to bring the issue to the attention of the court.
The hearing on this motion on July 1, 1992 was conducted by a judge who had not presided over the criminal trial. The court was not made aware that counsel had moved twice during the criminal trial to have the petitioner examined for competency, or that counsel had reservations concerning the petitioner's ability to fully comprehend the trial process. At this hearing, which was attended by a Spanish interpreter, Attorney Simon explained to the court that the petitioner had been sentenced on June 11, 1992, had been provided with his notice of right to sentence review and right to appeal, and had declined Attorney Simon's offer to assist with appeal, stating that he would handle it himself. Attorney Simon further informed the court that, unclear of the nature of his continuing responsibility to the petitioner, he wrote him to advise him of the time constraints on taking an appeal. He also indicated that he checked with the clerk's office periodically and determined that nothing had been done by the petitioner or anybody on his behalf to perfect an appeal. He stated that he thereafter filed the Application, without the petitioner's permission, but in order to protect his right to file his appeal. Finally, he indicated that the petitioner had re-affirmed to him earlier on this hearing date that he did not want him to handle his appeal.
In response to the court's question to the petitioner concerning who would handle the appeal for him, the petitioner informed the court that he would get a lawyer, that he was in the process of getting one. He told the court that he had not had the opportunity to speak with an attorney, because in his place of incarceration he had limited time. He stated that he was going to get in touch with his family to help him.
The court then denied Attorney Simon's motion, determined that he no longer represented the petitioner, and extended the time for taking an appeal to July 22, 1992. In doing so, the CT Page 5781 court emphasized to the petitioner that he had to get his appeal filed by that extended deadline or he would not be able to file an appeal at all.
Following this July 1, 1992 hearing, but on the same day, Attorney Simon again wrote to the petitioner. Attorney Simon prepared one letter in English and had a Spanish translation prepared by an office worker. Both letters were mailed to the petitioner. In the English version, Attorney Simon explained that the court had allowed him to withdraw from representing him and had given the petitioner until July 22, 1992 to file the appeal. He told the petitioner: "You must either file the paperwork to begin the appeal, get a lawyer to file the appeal or ask the court to appoint a lawyer (which would be myself) in advance of the July 22 date." At the habeas hearing, it became evident from translation that the Spanish version of the same letter informed the petitioner that he had to "fill out" the appeal papers in advance of the July 22 date in order to preserve his appellate rights. The petitioner testified that within this extended time period he did, in fact, fill out the papers, and he stated that he gave them to his brother who was supposed to take them to the Hartford Legal Aid Clinic. No evidence was adduced at the habeas trial as to whether these papers were ever brought to the clinic or to any legal representative for processing.
Finally, at the habeas trial, Attorney Simon testified that, in his opinion, there were appealable issues arising from the petitioner's trial.
As a starting point, the court notes that while the right to appeal a criminal conviction is statutory and not of constitutional dimension, the right has nonetheless been characterized as fundamental. D'Amico v. Manson, 193 Conn. 144
(1984). Additionally, even though the right to appeal is statutory, a convicted defendant has a constitutionally protected right to the assistance of counsel at every critical stage of the criminal proceeding. Consiglio v. Warden, 153 Conn. 673 (1966). Additionally, an indigent defendant is entitled to the appointment of counsel on his first appeal. Douglas v.California, 372 U.S. 353 (1963); D'Amico v. Manson, supra,193 Conn. 147. Where, however, a defendant has been offered but has rejected counsel, he can be held to have waived his right to counsel. Douglas v. Warden, 218 Conn. 778 (1991).
In this case, no such waiver took place. While the petitioner CT Page 5782 did inform the court of his intention to obtain an attorney, no other counsel had appeared for the petitioner at that point. By denying Attorney Simon's motion for the appointment of counsel while also permitting Attorney Simon to withdraw, the court's action had the effect of leaving the petitioner without representation during the time period in which an appeal had to be filed.[1] And while a defendant has the right to represent himself at any stage in the criminal proceedings, this right comes into actuality only once the court has determined by specific questioning that the defendant has knowingly and voluntarily waived his entitlement to counsel in accordance with the procedures outlined in Practice Book § 961. No such determination was made at the July 1, 1992 hearing.
Given the petitioner's indigence, his stated intention to obtain counsel can not reasonably be viewed as a waiver of his right to the appointment of counsel for his first appeal. The court finds that the petitioner's waiver was neither knowingly nor intelligently made.
While the petitioner attempted to perfect an appeal by giving the signed papers to his brother within the prescribed time period, his effort was futile. No appeal was filed. The court finds that this failure directly resulted from the petitioner's lack of understanding of the filing requirements and the fact that his counsel was permitted to withdraw without either the appointment of successor counsel or a determination that the petitioner had, in fact, waived his right to appellate representation. In such a circumstance, the habeas court is empowered to restore one's right to appeal. cf. State v. Phidd,42 Conn. App. 17 (1996). Accordingly, the court orders that the petitioner's appellate rights are restored to him. To effectuate this order, the court appoints the Office of the Chief Public Defender to represent the petitioner on appeal. The time period in which an appeal must be filed commences on the date of the filing of this Memorandum.
The petitioner's claim for a new trial is dismissed.
Bishop, J.