## ROBERT JEFFREY *v.* COMMISSIONER OF CORRECTION
## (12576)

DUPONT, C. J., and FOTI and LAVERY, Js.

Argued September 14—decision released November 29, 1994

*Mark Rademacher,* for the appellant (petitioner).

*Nancy L. Gillespie,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,*

state's attorney, *David Gold,* supervisory assistant state's attorney, and *Christopher Alexy,* assistant state's attorney, for the appellee (respondent).

LAVERY, J. The petitioner appeals from the dismissal of his petition for a writ of habeas corpus. He claims on appeal that the habeas court should have found, taking into account several acts of alleged incompetency, that trial counsel denied the petitioner effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. We affirm the judgment of the trial court.

The evidence supporting the petitioner's conviction was summarized by the Connecticut Supreme Court on direct appeal in *State* v. *Jeffrey,* 220 Conn. 698, 601 A.2d 993 (1991), cert. denied, 505 U.S. 1224, 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992).

Following a jury trial, the petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A). He was given a total effective sentence of twelve years, suspended after eight years, with four years probation. His conviction was upheld on direct appeal to the Supreme Court. *State* v. *Jeffrey,* supra, 220 Conn. 698.

The petitioner asserts that the habeas court incorrectly determined that four alleged omissions in the assistance rendered by the trial counsel did not constitute ineffective assistance of counsel. The alleged omissions are (1) counsel's failure to object to the admission into evidence of a sex crimes report, (2) his failure to request a limiting instruction with respect to prior consistent statements of a state's witness, (3) his failure to investigate potential surrebuttal witnesses

and documentary evidence, and (4) his failure to object to certain questions asked by the state on cross-examination of a defense witness.

The petitioner's right to effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution and article first, § 8, of the Connecticut constitution. "The right of a defendant to effective assistance is not, however, the right to perfect representation. *State* v. *Barber,* 173 Conn. 153, 159–60, 376 A.2d 1108 (1977); *Chace* v. *Bronson,* 19 Conn. App. 674, 678, 564 A.2d 303 (1989)." *Williams* v. *Bronson,* 21 Conn. App. 260, 263, 573 A.2d 330 (1990). "In order to prevail in a habeas corpus challenge, 'the petitioner "must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal. *Hill* v. *United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417, reh. denied, 369 U.S. 808, 82 S. Ct. 640, 7 L. Ed. 2d 556 (1962)." *D'Amico* v. *Manson,* 193 Conn. 144, 156–57, 476 A.2d 543 (1984).' *Bowers* v. *Warden,* 19 Conn. App. 440, 441, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989)." *Sherbo* v. *Manson,* 21 Conn. App. 172, 180–81, 572 A.2d 378 (1990). "In an appeal from the denial of a habeas writ, the burden imposed upon the petitioner is higher than that imposed on him in a direct appeal." *Magnotti* v. *Meachum,* 22 Conn. App. 669, 674, 579 A.2d 553 (1990); see *Biggs* v. *Warden,* 26 Conn. App. 52, 55, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991).

" 'A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the

adversary process that renders the result unreliable.' *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984); *Aillon* v. *Meachum,* 211 Conn. 352, 357, 559 A.2d 200 (1989)." *Fair* v. *Warden,* 211 Conn. 398, 402, 559 A.2d 1094, cert. denied, 493 U.S. 981, 110 S. Ct. 512, 108 L. Ed. 2d 514 (1989).

"With regard to the performance component of this inquiry, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.' " *Aillon* v. *Meachum,* supra, 211 Conn. 357. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised. *Engle* v. *Isaac,* 456 U.S. 107, 134, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). The defendant is also not guaranteed assistance of an attorney who will make no mistakes. *United States* v. *Campbell,* 616 F.2d 1151, 1152 (9th Cir. 1980). ' "What constitutes effective assistance [of counsel] is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation." *People* v. *Baldi,* 54 N.Y.2d 137, 146, 429 N.E.2d 400, 444 N.Y.S.2d 893 (1981).' *Levine* v. *Manson,* 195 Conn. 636, 649, 490 A.2d 82 (1985)." *Giannotti* v. *Warden,* 26 Conn. App. 125, 130, 599 A.2d 26 (1991), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992); see also *Johnson* v. *Commissioner,* 218 Conn. 403, 425, 589 A.2d 1214 (1991).

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted.) *Strickland* v. *Washington,* supra, 466 U.S. 689–90; see also *Quintana* v. *Warden,* 220 Conn. 1, 593 A.2d 964 (1991); *Williams* v. *Warden,* 217 Conn. 419, 586 A.2d 582 (1991).

Even if trial counsel's assistance is shown to be ineffective, the petitioner cannot succeed in his claim unless he proves prejudice. *Fair* v. *Warden,* supra, 211 Conn. 407. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland* v. *Washington,* supra, 466 U.S. 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. Rather, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 694. " 'When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the

factfinder would have had a reasonable doubt respecting guilt.' " *Fair* v. *Warden,* supra, 408.

Subjected to the foregoing principles of review, the petitioner's ineffective assistance claim cannot succeed.

I

The petitioner first submits that trial counsel's failure to object on hearsay grounds to the admission into evidence of a sex crimes report constituted ineffective assistance. The petitioner did not, however, meet his burden of showing prejudice.

Over defense counsel's objection on grounds of relevance, the trial court admitted into evidence a sex crimes report prepared by the lead investigating officer in the case, Detective Patricia Miranda, based on statements given to Miranda by the victim. The Supreme Court explained and summarized the facts surrounding the compilation and admission of the sex crimes report as follows: "A sex crimes report is a four page form used by the police to compile data concerning sex crimes as required by General Statutes § 29-7a. It contains spaces for the officer to fill in general information about the victim and the offender, such as their names, addresses and ages. It also contains a checklist of 572 standardized phrases referring to different aspects of sex crimes from which the officer selects those applicable to a particular case. The sex crimes report in this case was admitted into evidence during the direct testimony of Miranda after her statement that, following her interview of the [victim], she prepared the report in the regular course of business in accordance with her statutory duty to do so. The trial court overruled the defendant's objection that the report was irrelevant and noted the defendant's exception to the ruling." *State* v. *Jeffrey,* supra, 220 Conn. 707–708.

On direct appeal, the petitioner challenged the trial court's admission of the report on the ground of relevance, and raised for the first time a hearsay objection as well. The Supreme Court affirmed the trial court's determination that the report was relevant and it declined to review the unpreserved hearsay claim on plain error grounds. The court observed that the admission into evidence of the sex crimes report was not likely to change the outcome of the trial as it was largely cumulative testimony.

The habeas court did not rule on the issue of whether trial counsel's failure to object to the report on hearsay grounds fell below the standard of competence, holding instead that the petitioner was not prejudiced.[1] Our review of the record confirms the habeas court's conclusion that the petitioner was not prejudiced. The majority of the report would have been admissible even over a hearsay objection. The victim's statements to Miranda would have been admissible under the constancy of accusation doctrine. *State* v. *Dabkowski,* 199 Conn. 193, 197, 506 A.2d 118 (1986); *State* v. *Palozie,* 165 Conn. 288, 294–95, 334 A.2d 468 (1973); *State* v. *Bailey,* 32 Conn. App. 773, 779, 631 A.2d 333 (1993). Even had the trial counsel pressed a hearsay objection, the state would have been able to establish that portions of the form were Miranda's own observations or opinions, which she would have been allowed to express

---

[1] The habeas court's rejection of the claim after considering only the prejudice prong was proper: " '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.' " *Aillon* v. *Meachum,* supra, 211 Conn. 362, quoting *Strickland* v. *Washington,* supra, 446 U.S. 697. To the extent that this appeal cannot be resolved on the second prong of *Strickland* alone, the respondent respectfully requests that this court remand the case to the habeas court for further articulation of findings, as necessary, on the first prong of *Strickland.*

in oral testimony. These would have then been admissible under the business records exception to the hearsay rule, as Miranda was under a duty to report the information. General Statutes § 52-180; *River Dock & Pile, Inc.* v. *O & G Industries, Inc.*, 219 Conn. 787, 799, 595 A.2d 839 (1991); *State* v. *Palozie,* supra, 294–95.

Moreover, even if we assume that a hearsay objection would have prevented admission of the report or certain portions thereof, the petitioner was not prejudiced by its admission. Not only were the victim's statements properly admissible as constancy of accusation evidence, but also, as the habeas court observed, the victim's version of the incident was recounted at trial by Miranda herself. See also *State* v. *Jeffrey,* supra, 220 Conn. 711. By the assessment of the petitioner's own expert witness, Miranda was a proficient and effective witness with an impressive grasp of the facts to which she testified, including the victim's statements to her concerning the sexual assault. The content of the report was therefore cumulative, as substantially the same evidence had been placed before the jury by two testifying witnesses. Thus, its admission was not critical to the outcome of the trial nor did it undermine the fairness and reliability of the outcome.

For the foregoing reasons, the habeas court correctly determined that the petitioner did not meet his burden of proving prejudice, under the *Strickland* standard, resulting from counsel's failure to object on hearsay grounds to the admission of the sex crimes report.

## II

The petitioner next claims that trial counsel's failure to request an instruction limiting the jury's consideration of a witness' prior consistent statements to their impact on her credibility constituted ineffective

assistance. Katherine Doyle, the petitioner's friend and the bookkeeper at the Old Saybrook nightclub he managed, testified as a state's rebuttal witness at the trial. Id. Her testimony contradicted the petitioner's version of events in significant ways. Id. When cross-examining Doyle, the petitioner tried to portray her as a jilted lover whom he rejected sometime in April, 1989. Id., 712. This would support an inference that Doyle had a motive to falsify testimony against the petitioner. The state was allowed to rehabilitate Doyle by establishing that, in early 1989, she had described the petitioner's strange behavior not only to his parents but also to the petitioner's trial counsel. Id., 712–13. No instruction limiting the jury's consideration of Doyle's prior statements to their effect on her credibility was requested or delivered. Id., 715.

In his amended petition for a writ of habeas corpus, the petitioner claimed that counsel's failure to request a limiting instruction amounted to less than reasonably competent performance and that the "unprofessional error" probably affected the outcome of the trial. At the hearing, trial counsel testified that he knew that Doyle's trial testimony on the petitioner's whereabouts and conduct on the days in question was damaging to the defense. He also was concerned that Doyle's testimony had pitted the petitioner's credibility against that of a second woman, in addition to that of the complainant.

The habeas court, again without addressing the claim of deficient performance,[2] determined that the lack of a limiting instruction did not result in prejudice. The petitioner did not deny that the sexual encounter had

---

[2] The habeas court did not articulate findings bearing on the competence prong of *Strickland,* e.g., whether counsel tactically chose not to request a limiting instruction in order to downplay Doyle's testimony.

occurred, but testified that it had been consensual, and he pitted his own credibility against that of the victim. The limiting instruction that he now claims his counsel should have requested would have told the jury that the rebuttal witness' statements to the petitioner's lawyer and to his parents that the petitioner had acted abnormally after the encounter should be considered not for its substance but only to establish the witness' credibility. The habeas court found that such an instruction would have highlighted the overall issue of credibility, and would have called the jury's attention to a second contest of credibility, that is, the petitioner's attempt to depict another woman as a liar despite her consistency in making the damaging observation both at a time when she was ostensibly well disposed toward the petitioner and thereafter. The failure to call further attention to this testimony was not prejudicial under the *Strickland-Lockhart* standard.

Thus, in the context of this ineffective assistance claim, the absence of a limiting instruction did not prejudice the petitioner. Doyle's prior statements were properly admitted. The more credible the jury adjudged Doyle to be, as a result of her prior consistent statement, the more likely it was to accept her rebuttal testimony concerning the same facts. The habeas court's conclusion that the absence of a limiting instruction was not prejudicial and did not lead to an unfair or unreliable outcome was therefore correct and should be affirmed.

## III

The petitioner claims that the habeas court should have found prejudice resulting from counsel's failure to investigate potential surrebuttal witnesses and documentary evidence that would have impugned Doyle's testimony concerning the petitioner's behavior on the days following the incident. This claim too must

fail, as the petitioner did not show that such witnesses or evidence could have been located within an appropriate period.

At the habeas hearing, the petitioner's trial counsel recalled that, after Doyle's testimony, the petitioner had mentioned some business records that could prove he was at work on the days after the incident. Counsel knew that the nightclub had closed and that its principals and employees had dispersed; according to counsel's best recollection, the petitioner had given him the impression that the records were not available and "that there was no realistic hope of getting anything." Had he known the records were available, he would have advised the petitioner to get them and would have asked the trial court for a continuance.

Trial counsel had no recollection of the petitioner's having told him that certain individuals could rebut Doyle's testimony concerning the petitioner's whereabouts on the days following the incident. He thought that Doyle's testimony was very damaging and did not think he would have told his client that rebuttal testimony was not necessary. If the petitioner had mentioned a rebuttal witness, counsel would have had the petitioner tell the witness to come to the courthouse, and would have requested a continuance. Counsel did not remember being shown any written statement concerning the petitioner's presence at the nightclub on the days in question. He testified that, if he had seen any such document prior to the sentencing, he would have brought it to the attention of the prosecuting attorney and the trial court.

The habeas court determined that counsel's failure to request a continuance did not prejudice the petitioner and, thus, did not amount to ineffective assistance. The court again limited its ruling to the second prong of *Strickland,* holding that the petitioner was not preju-

diced by counsel's failure to request a continuance to locate and investigate potential witnesses. The court found that, even if trial counsel had requested a continuance, there was "no reasonable likelihood that he would have been able to locate and produce helpful witnesses on the issue of the petitioner's demeanor and presence at work in the period at issue" within the limited time available.

The petitioner was required to prove that the alleged witnesses were available. *Ostolaza* v. *Warden*, 26 Conn. App. 758, 765, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992) (availability of purported witnesses must be shown). The habeas court made findings on that point that are amply supported by the evidence, namely, that the petitioner had no reasonable prospect of locating the purportedly available sur-rebuttal witnesses within the time period that the trial court would have allowed for a continuance. If the witnesses could not have been located within the time allowed by the trial court, a continuance would have been of no benefit and the petitioner was, therefore, not prejudiced by counsel's failure to request one.

For the foregoing reasons, the habeas court correctly concluded that counsel's failure to request a continuance to locate witnesses did not render his assistance ineffective under the *Strickland* standard, and its judgment should be affirmed.

## IV

The petitioner's final claim is that counsel was ineffective in failing to object to certain questions asked by the state when cross-examining a witness. At the habeas hearing, the petitioner offered no testimony or evidence on this issue. The petitioner's habeas counsel informed the court in closing argument, however, that he was still pressing the claim, although he offered no argument on the point. The habeas court, citing the

absence of any evidence tending to prove that counsel's performance relative to that claim fell below the level of professional competence, considered the claim to be abandoned. The habeas court, in citing its reasons for deeming the issue abandoned, implicitly determined that the petitioner had failed to carry his burden of proof. Our review of the record and transcripts show that the habeas court's determination was correct.

The judgment is affirmed.

In this opinion the other judges concurred.