[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is a habeas corpus action by a sentenced prisoner. In a revised amended petition dated October 31, 1994 the petitioner makes the following allegations. On July 31, 1992 at Milford the petitioner pleaded guilty under the "Alford Doctrine" to a charge of arson in the second degree. Prior to the entry of his plea, the petitioner understood from his counsel, Public Defender David Egan, that the agreed-upon plea bargain was that he would be sentenced to time served, four years probation and psychiatric or psychologic treatment. The petitioner's plea was made in reliance upon Attorney Egan's representations. On August 28, 1992, the petitioner appeared before Judge Hartmere and received a sentence of 12 years execution suspended after 6 years and 5 years of probation with special conditions of no contact with the victims and psychiatric and substance abuse evaluation as may be deemed appropriate by the probation office.
From the foregoing recitation, the petitioner claims his incarceration is illegal because the sentencing court's failure to abide by the agreed-upon recommended sentence meant that he was deprived of the effective assistance of counsel in violation of the sixth and fourteenth amendments to the constitution of the United States and article first § 8 of the Constitution of Connecticut. A hearing was held on August 11, 1995 at which time the petitioner, his mother Alice Levesque and David Egan testified. The petitioner's sister, Cheryle Gagnon, was listed as a witness but he declined the court's offer to continue the hearing so that she could be present. Also introduced into evidence as petitioner's exhibits A and B respectively were CT Page 9513 transcripts of the plea hearing on July 31, 1992 and the sentencing hearing on August 28, 1992. The docket sheets of the Milford proceedings were placed in evidence as respondent's exhibit 1.
The court finds that the facts set forth below were established. Several of these facts diverge considerably from the allegations of the revised amended petition.
 I.
Before July 31, 1992, the petitioner had been charged with arson in the first degree. On that date, Mary Galvin, State's Attorney, and David Egan, Public Defender, were in court at Milford before Judge Curran. Attorney Egan announced that the petitioner would like to change his plea. Attorney Galvin asked that the petitioner be put to plea in a substitute information charging arson in the second degree that had been filed. After the substitute information was read, the petitioner responded by saying "guilty". Attorney Egan informed Judge Curran that the plea entered was an "Alford" plea.
In the presence of the petitioner, Attorney Galvin recited facts pertaining to the arson and to the lighting of the fires by the petitioner which she said came from circumstantial evidence. Attorney Galvin then stated the plea agreement that had been negotiated between herself and Attorney Egan.
 There is an agreed recommendation that Mr. Nesteruk be sentenced to twelve years suspended after six years with five years probation and special conditions up to the Court including a special condition of no contact with the [Kraven] or [Bernacki] families, psychiatric and substance evaluation and treatment and any other conditions the Court feels is appropriate.
Judge Curran addressed the petitioner and asked whether the plea agreement had been discussed with Attorney Egan, whether petitioner was satisfied with Attorney Egan's advice, whether Attorney Egan had explained of what arson in the second degree consisted and the maximum penalties that the petitioner would face if he were found guilty after a trial. Upon receiving petitioner's affirmative answers to these questions, Judge Curran CT Page 9514 ascertained that the petitioner was entering his plea voluntarily. In the form of a question, Judge Curran then said "No promises have been made to you other than the plea bargain that the State's Attorney has just recited?" The petitioner responded, "Yes, Sir, your Honor."
Earlier, Attorney Egan had gone over the announced plea bargain with the petitioner. He never told the petitioner or his mother that a plea agreement had been reached whereby the petitioner would be released to his mother's care after receiving credit for time served.
Returning to Judge Curran's canvass, the court finds that it was conducted in conformity with Practice Book §§ 711-713. Material to this proceeding are the further references to the "Alford Doctrine". Judge Curran asked:
 And the facts that were recited by the State's Attorney, your lawyer tells me that you're entering this plea under the Alford Doctrine. Now, by that do you mean that you do not admit some or all of those facts or your involvement in those facts as they may have been recited by the State's Attorney.
The petitioner replied "Yes, Sir, your Honor." Judge Curran continued:
 All right. I should inform you that I'm satisfied that there is a factual basis for your plea. Now, if you believe that based on the evidence that you know the State has and the advice that you have received from your attorney that if you were to have a trial, there is a substantial likelihood that you would be found guilty. So rather than expose yourself to a trial and a finding of guilty and the entering of a sentence that would be more severe or more harsh, you're asking the court to accept this plea bargain with a sentence that is more lenient.
The petitioner answered "Yes, Sir." Judge Curran inquired "Is that correct?" The petitioner responded "Yes, Sir, your Honor." CT Page 9515
On August 28, 1992, the petitioner appeared before Judge Hartmere for sentencing. Assistant State's Attorney Michael Webber, who was substituting for Attorney Galvin, informed the judge that the agreed upon sentence was twelve years to be suspended after the petitioner served six years and probation of five years. The State also requested two special conditions: no contact by the petitioner with the Kraven and Bernacki families and the petitioner undergo psychiatric and substance abuse evaluation as deemed appropriate by the probation office.
Judge Hartmere then inquired of Attorney Egan who responded as follows: "[a]s the Court is aware, this recommended imposition was arrived at after extensive discussions between the [petitioner] and myself and the State's Attorney's Office, and I think under the circumstances, it is appropriate, and I would ask the Court to accept the agreed recommendation. When Judge Hartmere asked the petitioner if there was anything he wished to say, the response was "No, Sir, your Honor." Thereupon Judge Hartmere imposed the sentence that had been agreed to previously.[1]
 II.
Before dismissing the merits of the petition, emphasis should be placed on what is involved in this case and what is not. The petition does not allege and no effort was made to prove that the petitioner was incapable of understanding Attorney Egan because of competency or substance abuse problems. In fact, the petitioner's competency was in issue earlier in the criminal proceeding and at the habeas hearing his mother spoke of a forced competency examination and the petitioner being drugged for three months. References to the petitioner's problems with substance abuse appear in both the plea and sentencing transcripts. Instead, the petitioner's claim is that he was denied the effective assistance of counsel for the reason that he had been informed by Attorney Egan that an agreement had been reached for a sentence that was much more lenient than the sentence that he actually received.
At the outset, the petitioner's claim requires the court to choose between the credibility of the petitioner and his mother on one hand and that of Attorney Egan on the other. Zapolsky v.Sachs, 191 Conn. 194, 201 (1983). The choice is not difficult since Attorney Egan's statements to Judges Curran and Hartmere concerning a plea agreement, albeit different from the one CT Page 9516 testified to by the petitioner, were made in open court and were not refuted in any way by the petitioner. The petitioner's mother appeared to be very confused in her assessment of what had happened.
Moreover, precedential authority is against the petitioner. For claims of ineffective assistance of counsel, Connecticut Courts have followed the two-part "cause and prejudice" test set forth in Strickland v. Washington, 466 U.S. 668, 687-88, 691104 S. CT. 2042, 80 L.Ed.2d 674 (1984). Copas v. Commissioner ofCorrection, 234 Conn. 138, 154 (1995); Quintana v. Warden,220 Conn. 1, 4 (1991). A petitioner must show that counsel's representation fell below an objective standard of reasonableness and also that counsel's errors so serious as to deprive him of a fair trial meaning that there is a reasonable probability that but for counsel's errors the result of the trial would have been different. Jeffrey v. Commissioner of Correction, 36 Conn. App. 216,218-19 (1994). In Hill v. Lockhart, 474 U.S. 52,106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court of the United States considered the Strickland test in the context of a guilty plea. The first or "cause" part of the test was left unchanged. For the second or "prejudice" requirement, however, the formulation was changed so that a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59.
An insistence on going to trial if the supposed plea bargain of time served and four years probation was not accepted is not mentioned in the petition. Hence the allegations themselves are insufficient to satisfy the requirement of "prejudice." Hill v.Lockhart, supra 474 U.S. at 60. More to the point, however, is that recently the Hill v. Lockhart variation of the Strickland
test in guilty plea situations has been expressly adopted in Connecticut. Copas v. Commissioner of Correction, supra at 156.
A reviewing court is entitled to presume that counsel was effective in that counsel's conduct fell within the wide range of reasonable professional assistance. Quintana v. Warden, supra at 5; Veal v. Warden, 28 Conn. App. 425, 429 (1992). In this case, the petitioner did not rebut the presumption and failed to establish either part of the Hill v. Lockhart variation of theStrickland test.
III. CT Page 9517
Judgment is rendered for the defendant. No costs should be taxed.
Jerrold H. Barnett, Judge