[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus petition originally dated March 16, CT Page 6823 1993. By amended petition dated August 15, 1996, the petitioner alleges that his present confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his assertion that he was denied the effective assistance of counsel in the underlying criminal proceedings. Specifically, the petitioner claims that trial counsel failed to effectively cross-examine the State's witnesses at trial, failed to present a defense of drug dependency, failed to present any expert testimony in support of the defendant's theory of the case, failed to effectively investigate the case prior to trial, especially with respect to work records which would have provided the petitioner with an alibi, failed to keep uncharged misconduct out of evidence, and, failed to have the witnesses sequestered. Based on the evidence adduced at the habeas hearing, the court makes the following findings and order.
On January 6, 1993, following a jury trial in the Hartford Judicial District, the petitioner was convicted of the offenses of Possession of Narcotics with the Intent to Sell by a Non Drug-dependent Person in violation of Connecticut General Statute21a-278 (b), and Conspiracy to Distribute Narcotics in violation of C.G.S. 21a-277a and C.G.S. 53a-48 (a). The petitioner was thereafter sentenced to a total effective sentence of twenty years confinement.
The petitioner is presently an inmate in the custody of the Commissioner of Corrections serving the imposed sentence.
The petitioner's conviction was affirmed on direct appeal.State v. Torres, 36 Conn. App. 488 (1995), cert. denied,232 Conn. 912 (1995)
In the underlying criminal prosecution, the petitioner was represented by Attorney Gerald Klein. The State was represented by Assistant State's Attorney Thomas Prior.
At trial, the State presented evidence that, pursuant to search warrants, the police discovered approximately 300 bags of heroin containing approximately 68 grams of pure heroin, as well as various implements utilized in the packaging and sale of narcotics, from two apartments located at 23 Marshall Street in Hartford, and that both apartments were possessed by the petitioner.
At the commencement of jury selection, the petitioner was CT Page 6824 one of four co-defendants. However, by the time evidence commenced, the petitioner was the lone defendant. During the trial, two of the former co-defendants and Hartford police personnel testified against the petitioner.
In order for the petitioner to succeed in his claim that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v.Washington, 466 U.S. 668 (1984), Bunkley v. Commissioner,222 Conn. 444 (1992), Copas v. Commissioner, 234 Conn. 139 (1995).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the Federal constitution and by Article First, Section 8 of the Connecticut constitution. In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352 (1989). Competent representation is not to be equated with perfection. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." Jeffrey v.Commissioner, 36 Conn. App. 216 (1994) (citations omitted). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Citations omitted; internal quotations marks omitted.) Johnson v. Commissioner,36 Conn. App. 695 (1995).
The Strickland court also gave guidance to the trial bench for its assessment of ineffective claims. The Supreme Court opined: "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that CT Page 6825 counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy' . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted.) Strickland v.Washington, supra, 466 U.S. 689-90; Quintana v. Warden,220 Conn. 1 (1991); Williams v. Warden, 217 Conn. 419 (1991); Jeffrey v.Commissioner, 36 Conn. App. 216 (1994).
With respect to the prejudice component of the Strickland
test, the petitioner must demonstrate that, ". . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v.Washington, supra 466 U.S. 687. Thus, "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v.Commissioner, 234 Conn. 139 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland v. Washington, supra 466 U.S. 694. "`When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'"Fair v. Warden, 211 Conn. 398, 408 (1989); Jeffrey v.Commissioner, 36 Conn. App. 216 (1994).
At the habeas hearing, the petitioner expressly withdrew his claims that trial counsel failed to present any expert testimony in support of the defendant's theory of the case, failed to investigate work records which would have provided an alibi defense, and failed to keep uncharged misconduct out of evidence. These claims, therefore, are not considered by the court. Also, at the hearing, the petitioner testified that the witnesses were, in fact, sequestered. Additionally, as to the assertion regarding sequestration, a review of the transcript fails to support the petitioner's contention in his amended petition. That leaves for review the petitioner's claim that counsel failed to effectively cross examine trial witnesses, failed to present a drug CT Page 6826 dependency defense, and failed to effectively investigate the case prior to trial.
The evidence supports none of the petitioner's claims. With respect to the claim that counsel failed to effectively cross examine, a review of the trial transcript reveals that counsel's treatment of State witnesses was vigorous and probing. Counsel moved to suppress evidence, moved to strike two of the original four counts because they were lesser included offenses, and conducted a voir-dire examination of the State's first witness, former Hartford police officer Robert Kunaitis. His ranging cross examination of Kunaitis dealt with issues relating to credibility, adequacy of memory, limitations of the police investigation, as well as the loss of evidence by the Hartford Police Department. Confronted with testimony from two co-defendants who had negotiated pleas with the State on the eve of trial, Attorney Klein assailed their credibility and interest. The court finds that Attorney Klein's cross examinations were conducted professionally with tenacity and vigor, albeit without success. Victory, however, is not the measure of effectiveness. Attorney Klein's trial conduct was well within the range of competence to be expected of criminal trial counsel.
As to the petitioner's claim that Attorney Klein's pre-trial investigation was inadequate, Attorney Klein testified at the habeas hearing that, given the nature of the offenses charged and the circumstances of the arrests, an extensive factual investigation was not warranted. He testified credibly that he had seen the co-defendants' statements, and had met with the petitioner in jail before trial on at least one occasion for several hours, and several times in conjunction with pre-trial court appearances. He also indicated that he spoke with the petitioner on the telephone on numerous occasions prior to the trial, and that he spoke with members of the petitioner's family. While the petitioner made an unspecified claim regarding the medical history of one of the testifying co-defendants, he presented no probative evidence during the habeas hearing of any areas of investigation that, if explored, would have been meaningful to his defense. While it is clear that the pre-trial factual investigation was scant, the court is unpersuaded that any further inquiry by counsel would have reaped data useful to the petitioner.
With respect to the issue of drug dependency, at the habeas hearing the petitioner claimed that he was addicted to cocaine CT Page 6827 and marijuana at the time of the offenses, and that he did talk with Attorney Klein about being drug dependant. He claimed that Attorney Klein told him that the State would not give him a drug dependant status. He asserted that he did not ask Attorney Klein to have him evaluated for drug dependency because he was unaware of the law. During his habeas testimony, Attorney Klein testified that he discussed the drug dependency statute with the petitioner when the matter was transferred to the Part A docket after plea. He stated that he did not have the petitioner examined for drug dependency because the petitioner reported to him he did not use drugs. He indicated that the petitioner told him that he was innocent of the charges, being present in the apartments as a mere bystander. Given the petitioner's assertion to him that he did not use drugs, and his assertions of innocence, Attorney Klein testified that he thought it pointless to have him examined for drug dependency.
A review of the trial transcript reveals that Attorney Klein's determination not to have the petitioner examined for drug dependency was not an omission, but a purposeful decision. On December 14, 1992, at the start of the trial, counsel indicated to the court that he would present no evidence of the petitioner's drug dependency.
Assessing the evidence presented on this issue by the petitioner and Attorney Klein, the court find's credible counsel's assertion that he decided not to further explore the avenue of drug dependency once the petitioner told him that he did not use drugs, and faced with the petitioner's repeated assertion that his presence in the midst of the significant quantity of heroin was completely innocent. The court finds no fault in counsel's failure to explore an avenue foreclosed on him by his own client's contrary assertions.
For the reasons stated, the petition is dismissed.
Bishop, J.