[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this habeas proceeding was convicted of manslaughter with a firearm in violation of General Statutes § 53a-55a and assault in the third degree in violation of General Statutes § 53a-61 (a) (1) after a jury trial, (Mulcahy, J.), in the superior court. On appeal, the conviction of assault was affirmed while the conviction of manslaughter was reversed and the trial court was directed to render a judgment of conviction of manslaughter in violation of General Statutes §53a-55 (a) (1). State v Falcon, 26 Conn. App. 259, 278,600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992). The petitioner claims that he was denied effective assistance of counsel in violation of his constitutional rights under the sixth
and fourteenth amendments to the United States constitution and article first, §§ 8 and 9, of the Connecticut constitution.
More specifically, the petitioner claims that his trial counsel failed to call three witnesses to support his claim of self-defense. These witnesses, the petitioner claims, would have provided testimony at his murder trial that the petitioner, in firing the fatal shot, was acting to protect himself from an alleged attack by the victim. Additionally, the petitioner claims that at least one of these witnesses would have testified to the victim's reputation in the community for violent behavior. The petitioner claims that despite the fact that trial counsel, Attorney Charles Margolies, knew of these witnesses he failed to call them.
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the United States constitution and by article first, § 8 of the Connecticut constitution. Copas v. Commissioner, 234 Conn. 139,153, 662 A.2d 718 (1995). In order for the petitioner to succeed CT Page 13693 in his claims that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Copas v. Commissioner, supra,234 Conn. 153; Bunkley v. Commissioner, 222 Conn. 444, 445,610 A.2d 598 (1992).
To prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v.Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989). Competent representation is not representation with no error. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." (Internal quotation marks omitted.) Jeffrey v. Commissioner,36 Conn. App. 216, 219, 650 A.2d 602 (1994). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Internal quotations marks omitted.) Johnson vCommissioner, 36 Conn. App. 695, 703, 652 A.2d 1050 (1995).
In Strickland, the Supreme Court opined: "[j]udicial scrutiny, of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.
"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks CT Page 13694 omitted.) Strickland v. Washington, supra, 466 U.S. 689-90;Ouintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991); Williamsv. Warden, 217 Conn. 419, 423, 586 A.2d 582 (1991); Jeffrey v.Commissioner, supra, 36 Conn. App. 219-20.
With respect to the prejudice component of the Strickland
test, the petitioner must demonstrate that, "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, supra466 U.S. 687. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id., 693. Rather, a successful petitioner is required to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v. Commissioner, supra, 234 Conn. 147. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." "Strickland v. Washington, supra, 466 U.S. 694. "`When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'"Fair v. Warden, 211 Conn. 398, 408, 559 A.2d 1094, cert. denied,493 U.S. 981, 110 S.Ct. 512, 108 L.Ed.2d 514 (1989) quotingStrickland v Washington, supra, 466 U.S. 695; Jeffrey v.Commissioner, supra, 36 Conn. App. 220-21.
Having set forth the standard by which the court evaluates ineffective assistance claims we now turn to the specific facts of this matter. The court finds the following facts. During the underlying trial, after resting for the defense, trial counsel attempted to reopen the petitioner's defense to allow for the testimony of Alfredo Rodriquez. Trial counsel advised the court that it was his belief that Alfredo Rodriquez would testify to the victim's reputation for violence. The trial court granted the defense a continuance for one day in order to present an offer of proof. Trial counsel was unable to produce Alfredo Rodriquez on the continued hearing date despite the witness promising trial counsel that he would be available to testify. In any event, trial counsel represented to the trial court that he only became aware of the substance of Rodriquez's testimony after resting the case for the defense. This court accepts that representation as true. Trial counsel made all reasonable efforts to secure the CT Page 13695 testimony of the witness as soon as he became aware of his existence.
As to Osvaldo Rodriquez and Hector Castillo, individuals claimed by the petitioner to have been eye witnesses who also were not called as witnesses at the criminal trial, there is no evidence as to what they would have testified to other than from the mouth of the petitioner. The petitioner claimed at the habeas hearing that these witnesses would have produced evidence that would have led the jury to conclude that the shooting was precipitated by an attack on the petitioner by the victim from behind. Further the petitioner claims that these witnesses saw the shooting from only a few feet away. The petitioner did not produce either of these witnesses at the habeas hearing and therefore the court was unable to judge their demeanor or the substance of their testimony. At the criminal trial the state produced eye witnesses who said no struggle involving the petitioner and victim had taken place, but rather that the shooting occurred when the victim put his hand on the shoulder of the petitioner from behind. The petitioner, as was related at trial by the eye witnesses, turned and fired a shot at the victim killing him. The medical examiner testified that the shot was fired from at least twelve to fourteen inches away as there was no gun powder residue found on the clothing or person of the victim. The petitioner, at the criminal trial and at the habeas hearing, claimed that he was being throttled from behind by the victim and, in response, reached into his pocket, removed his gun, and shot the victim by shooting him over his shoulder at very close range. The petitioner's testimony at trial indicated that he had not seen the victim until after he shot him. This contradicted the testimony of the eye witnesses who testified at trial.
The petitioner claims that the witnesses that trial counsel failed to call were known to trial counsel and would have aided in the petitioner's defense. Yet given an opportunity to present these witnesses at the habeas hearing, the petitioner failed to do so. Thus, the petitioner asks this court to discount those witnesses who testified at trial and to accept the petitioner's testimony as to what would have been said by witnesses that were not called at trial or at the habeas hearing.
The petitioner has failed to establish in this proceeding any conduct of his trial counsel that would reasonably lead this court to find that the petitioner was denied effective assistance CT Page 13696 at trial. The court finds that there is insufficient evidence for this court to find that trial counsel's representation was not the equal of lawyers with ordinary training and skill in criminal law or that the proceedings were adversely affected by trial counsel's performance. Furthermore, the petitioner has failed to demonstrate that the alleged failure by trial counsel to call these witnesses deprived the petitioner of a fair trial. The petitioner has not met his burden of proof as set forth inStrickland v. Washington, supra, 466 U.S. 687 and adopted in Connecticut. Bunkley v. Commissioner, supra, 222 Conn. 445.
The petition is dismissed.
Zarella, J.