[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Amended Petition dated October 30, 1997 the petitioner alleges in the First Count of said Amended Petition that his confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his claim that he was rendered ineffective assistance of counsel in the underlying criminal proceedings by virtue of the failure of his trial counsel to accompany the petitioner to the petitioner's pre-sentence investigation interview. The petitioner specifically alleges that comments made by the petitioner during said pre-sentence investigation interview were "taken out of context", were reported in the Pre-Sentence Investigation Report to the sentencing court and were used against the petitioner by the sentencing court at the time of sentencing.
In the Second Count of the said amended petition the petitioner claims that the Department of Corrections has failed to give the petitioner the appropriate credit for his pre-trial detention time and has further failed to give him the appropriate statutory enhanced good time credit.
This habeas matter was tried before this Court on April 12, CT Page 11220 1999 and post-trial briefs were filed by the petitioner on May 13, 1999 and by the respondent on May 10, 1999.
Following a trial in the Superior Court in the matter ofState of Connecticut v. Eddie Woolcock, the petitioner was convicted of One Count of Attempted Murder, One Count of Assault on a Police Officer and Four Counts of Sale of Narcotics. Subsequent to said convictions the Court ordered that a pre-sentence investigation (PSI) be completed by the Department of Adult Probation At a pre-sentence investigation interview, the petitioner met with an Adult Probation Officer, and told the Adult Probation Officer that "they'll pay for every day I (the petitioner) serve". The petitioner's statement was included in the PSI and was referred to by both the State's Attorney and the Judge, to the detriment of the petitioner, during the petitioner's sentencing hearing.
The petitioner argues that his comment to the effect that "they'll pay for every day I serve" was taken out of context and that he simply meant that he believed his conviction would be overturned on appeal, that he would subsequently be acquitted and that he would thereafter successfully sue for money damages. The petitioner further asserts that because his trial counsel, Attorney Joseph Dimyan, did not accompany the petitioner to the PSI interview, Attorney Dimyan did not hear the petitioner's comment and the context in which the comment was made. If Attorney Dimyan had so accompanied the petitioner and heard the comment and the context in which it was made, asserts the petitioner, Attorney Dimyan would have been able to offer an explanation in mitigation to the sentencing court.
Generally, in order for the petitioner in a habeas proceeding to succeed in his claim that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668
(1984), Bunkley v. Commissioner, 222 Conn. 444 (1992), Copas v.Commissioner, 234 Conn. 139 (1995).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the Federal constitution and by Article First, Section 8 of the Connecticut constitution. In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial CT Page 11221 counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352 (1989). Competent representation is not to be equated with perfection. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." Jeffrey v.Commissioner, 36 Conn. App. 216 (1994) (citations omitted). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. Johnson v. Commissioner,36 Conn. App. 695 (1995).
In Strickland, the Supreme Court also noted that "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a Court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Stricklandv. Washington, supra, 466 U.S. 689-90; Quintana v. Warden,220 Conn. 1 (1991); Williams v. Warden, 217 Conn. 419 (1991); Jeffreyv. Commissioner, 36 Conn. App. 216 (1994).
With respect to the prejudice component of the Strickland test, as a general proposition, the petitioner must demonstrate that, ". . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland v. Washington, supra 466 U.S. 687. Accordingly, "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. CT Page 11222 Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.Copas v. Commissioner, 234 Conn. 139 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, supra 466 U.S. 694. "When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Fair v. Warden, 211 Conn. 398, 408 (1989);Jeffrey v. Commissioner, 36 Conn. App. 216 (1994).
With respect to the First Count of the petitioner's petition, the Court has carefully considered all of the evidence presented at the habeas trial and has further carefully considered and assessed the credibility of all of the witnesses who testified at said trial. The Court has also carefully considered the arguments of counsel presented to the Court at the conclusion of the habeas trial and in counsels' respective post-trial briefs.
As regards the First Count of the Petition, the Court finds that the petitioner has failed to meet his burden in this matter. The evidence presented at the habeas trial does not substantiate the petitioner's claim that he was denied the effective assistance of counsel. The evidence disclosed, and the Court finds, that the petitioner did meet with his trial counsel before the PSI interview and that trial counsel did advise the petitioner as to what he should say at the PSI interview.
The evidence further disclosed, and the Court finds, that trial counsel reviewed the PSI with the petitioner prior to the sentencing hearing and that the petitioner was given an opportunity to be heard at the time of his sentencing and elected not to be heard. If the petitioner had elected to be heard, he could have corrected any perceived misconception with respect to his statement to the effect that "they'll pay for every day I serve." Neither is there any indication that the petitioner requested that his trial counsel clear up any such perceived misconception at the sentencing hearing.
While the petitioner's trial attorney may have been allowed to accompany the petitioner to his PSI interview there is no requirement that the petitioner's trial attorney do so. There is further no credible evidence that the petitioner requested that his trial counsel accompany the petitioner to the said PSI CT Page 11223 interview.
The Court finds that the failure of the petitioner's trial counsel to accompany the petitioner to his PSI interview does not rise to the level upon which this Court could base a finding that the petitioner was denied his constitutional right to the assistance of counsel. Accordingly, the habeas relief sought in Count One of the petition is denied.
With respect to the Second Count of the petitioner's petition, the Court has carefully considered all of the evidence presented at the habeas trial and has further carefully considered and assessed the credibility of all of the witnesses who testified at said trial. The Court has also carefully considered the arguments of counsel presented to the Court at the conclusion of the habeas trial and in counsels' respective post-trial briefs.
With respect to the said Second Count, the petitioner correctly notes the holding of the Connecticut Supreme Court in the matter of Chung v. Commissioner, 245 Conn. 423 (1998) wherein the court held that the holding of the Court in the matter ofSeno v. Commissioner of Corrections, 219 Conn. 269 (1991) regarding the calculation of statutory good time does not apply to an inmate sentenced prior to July 1, 1983. The petitioner here was so sentenced prior to July 1, 1983. The Court's holding in Chunn provides that an inmate sentenced before July 1, 1983 will not begin to receive the enhanced good time credit until after such time as the inmate has been confined for five years without regard to any pre-sentence confinement time or pre-sentence good time.
The petitioner has failed to meet his burden on the Second Count of the petition with respect to the claimed failure of the Department of Correction to accurately calculate his "enhanced statutory good time credit". Accordingly, the habeas relief sought in the Second Count of the petition is denied.
BY THE COURT
CARROL, J.
CT Page 11224