[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 27, 1993, the petitioner Mitchell Pitt filed a petition for a writ of habeas corpus with the court. By amended petition dated January 14, 1997, the petitioner claims that his confinement to the custody of the commissioner of corrections is unlawful because he was denied effective assistance of trial counsel. More specifically it is alleged that counsel did not call witnesses who would support a theory of self-defense nor did he do an adequate investigation.
On September 20, 1990, the petitioner, who was charged with murder in violation of General Statutes § 53a-54a (a), was found guilty after a jury trial of the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). On November 16, 1990, the petitioner was sentenced to a term of twenty years on the manslaughter conviction and to two and one-half years for violation of probation to which the petitioner had admitted. The petitioner is presently an inmate serving the imposed sentence. At his trial CT Page 10881 the defendant was represented by Attorney Gerald Bodell and the state was represented by Assistant State's Attorney Elpedio Vitale. The trial judge was the Honorable Martin McKeever. The petitioner's conviction was upheld on appeal. State v. Pitt,28 Conn. App. 825, 612 A.2d 60, cert. denied, 224 Conn. 907,615 A.2d 1049 (1992).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the United States constitution and by article first, § 8, of the Connecticut constitution. Copas v. Commissioner, 234 Conn. 139,153, 662 A.2d 718 (1995). The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v.Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562,82 L.Ed.2d 864 (1984) to evaluate claims of ineffective assistance of counsel. Copas v. Commissioner, supra, 154. In order for the petitioner to succeed in his claim that he was denied effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, supra, 687;Iovieno v. Commissioner of Correction, 242 Conn. 689, 703, ___ A.2d ___ (1997); Bunkley v. Commissioner of Correction,222 Conn. 444, 445, 610 A.2d 598 (1992).
In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357,559 A.2d 206 (1989). Competent representation does not mean representation free of any error. Jeffrey v. Commissioner, 36 Conn. App. 216,219, 650 A.2d 602 (1994). "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." (Internal quotation marks omitted.) Id. "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Internal quotations marks omitted.) Johnson v. Commissioner, 36 Conn. App. 695, 703,652 A.2d 1050 (1995).
In Strickland, the Supreme Court opined: "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's CT Page 10882 assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . .
"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted; internal quotation marks omitted.) Strickland v. Washington, supra,466 U.S. 689-90; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991); Williams v. Warden, 217 Conn. 419, 423, 586 A.2d 582
(1991) Jeffrey v. Commissioner, supra, 36 Conn. App. 219-20.
With respect to the second prong of the Strickland test, the petitioner must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, supra,466 U.S. 687. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id., 693. Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v. Commissioner, supra,234 Conn. 147. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v.Washington, supra, 466 U.S. 694. "When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Internal quotation marks omitted.) Fair v. Warden, 211 Conn. 398, 408,559 A.2d 1094, cert. denied, 493 U.S. 981, 110 S.Ct. 512, 108 L.Ed.2d CT Page 10883 514 (1989); Jeffrey v. Commissioner, supra,36 Conn. App. 220-21.
A recitation of the facts of the underlying criminal case as set forth in the Connecticut Appellate Court opinion is helpful. "The defendant and the victim had an argument, during which the defendant threatened the victim with a fence picket, which ended the fight. Subsequently, the defendant drove off with some friends.
"Later that evening, in the vicinity of the defendant's sister's house, the defendant and the victim again got into an altercation. This time a gun was involved. Three to five gunshots were fired, one of which fatally wounded the victim. Shortly after the shots were fired, the defendant was seen with a gun in his possession coming from the area where the victim lay wounded. The defendant then fled and was apprehended four months later. There were no eyewitnesses to what actually occurred between the defendant and the victim." State v. Pitt, supra,28 Conn. App. 826-27. At trial the petitioner "claimed that on the evening of the shooting, the victim came looking for him at his sister's apartment. The victim and the defendant struggled for a gun that the victim had brought with him. The defendant gained possession of the gun and then requested that the victim leave. The two men went outside and the victim refused to leave without his gun. The defendant turned to walk back into the apartment building and the victim ran toward the defendant. The defendant then turned and fired two shots at the ground near the victim's feet. The victim stopped. The defendant again turned to walk into the apartment and the victim again ran toward the defendant. The defendant turned and again fired two shots at the ground near the victim's feet. The victim stopped. The defendant turned for a third time to enter the apartment. The victim again approached the defendant. This time, however, the defendant lost his balance when he turned toward the victim, and the gun went off, fatally wounding the victim." Id., 828.
The petitioner alleges in his habeas petition that trial counsel was ineffective in that he failed to call witnesses who would support a theory that the shooting was in self-defense. At the habeas hearing, the petitioner testified and called two witnesses on his own behalf. The petitioner did not call trial counsel to testify. Trial counsel had presented evidence at the trial with respect to self-defense and accidental shooting. CT Page 10884
The court makes the following findings of fact and ruling. The petitioner's testimony at the habeas hearing did not differ markedly from the testimony that he offered at his murder trial. In addition to the petitioner's testimony, the petitioner called two other witnesses at the habeas hearing who had not previously testified at the murder trial.
The first witness, Raymond Holloway, who is the petitioner's brother-in-law, had known the petitioner for approximately one month as of the date of the shooting. On direct examination, Holloway testified to the events leading up to the incident in which the petitioner shot the victim. He indicated that the victim had charged the petitioner on three occasions when they were outside the residence and on the third charge the gun "went off." When questioned about the actual shooting itself, Holloway testified that he heard only one shot, that he didn't actually see the shooting because it happened so fast, and that he did not recollect everything that had happened on the date in question. His testimony that he heard only one shot differs significantly from the statements of the petitioner and other witnesses at the petitioner's trial as to the actual number of shots fired. Even more significant was Holloway's testimony at the habeas hearing that he did not actually see the shooting. In fact, Holloway's testimony at the habeas hearing differs significantly from the statement Holloway gave to the police. (Respondent's Exhibit A). In that statement, Holloway indicates that the petitioner shot at the ground, shot into the air, and then discharged the fatal shot.
The court finds that Holloway's testimony lacks credibility, is contradictory, and does not further the petitioner's claim that trial counsel should have called him in support of a claim of self defense. In short, Holloway would not have been a credible witness for the defense to provide testimony that the shooting was in self-defense.
Jimmy Barnes, the second witness the petitioner called in support of his claim that trial counsel failed to call witnesses who would testify that the shooting was in self-defense, testified that he was not at the scene when the shooting occurred. Again, this testimony would not have lead to any evidence that would aid the petitioner in his claim that the shooting was in self-defense.
The court, after having reviewed the transcript of the CT Page 10885 petitioner's trial and after considering all of the evidence offered at the habeas hearing, finds that the petitioner has not met his burden of proof as set forth in the cases cited previously. The court finds that the alleged failure to offer the testimony of these witnesses at trial by counsel would, in all likelihood, not have advanced the petitioner's claim of an act of self-defense as neither witness could claim to have seen the actual event.
The petitioner has failed to establish in this proceeding any conduct of his trial counsel that would reasonably lead this court to find that he was denied effective assistance at trial. There is insufficient evidence for this court to find that trial counsel's representation was not the equal of lawyers with ordinary training and skill in criminal law or that the proceedings were adversely affected by trial counsel's performance. Furthermore, the petitioner has failed to demonstrate that the alleged failure by trial counsel to call these witnesses deprived the petitioner of a fair trial. The petitioner has not met his burden of proof as set forth inStrickland v. Washington, supra, 466 U.S. 667, and adopted in Connecticut. Bunkley v. Commissioner, supra, 222 Conn. 445.
Accordingly, the petition is dismissed.
Zarella, J.