[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Revised Amended Petition dated October 7, 1998 the petitioner alleges in the First Count of said Revised Amended Petition that his confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his claim that he was rendered ineffective assistance of counsel in the underlying criminal proceedings by virtue of the failure of his trial counsel to interview certain witnesses prior to trial and by the further failure of said trial counsel to call said witnesses to testify at the time of trial. The petitioner specifically asserts that said witnesses could have provided evidence that would have resulted in the acquittal of the petitioner.
By said Revised Amended Petition dated October 7, 1998 the petitioner further alleges in the Second Count of said Revised Amended Petition that his confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his claim that he was rendered ineffective assistance of counsel in the CT Page 11561 underlying criminal proceedings by virtue of the failure of his trial counsel to accompany the petitioner to the petitioner's pre-sentence investigation interview. The petitioner specifically alleges that the PSI contained information to the effect that the petitioner had "confessed" to the crimes to which he then stood convicted, that the Court, at sentencing, relied on the representations as set forth in the PSI to the detriment of the petitioner and that but for the failure of trial counsel to accompany the petitioner to the PSI interview it is "reasonably probable that the sentence imposed would have been less severe".
Based upon the evidence adduced at the habeas hearing, the Court makes the following findings and order.
Following a jury trial in the Superior Court, Judicial District of New Haven at New Haven in the matter of State ofConnecticut v. Terrell Ledbetter CR6-3 53765, the petitioner was convicted of one count of Robbery in the 1st Degree, one count of Larceny in the 2nd Degree and one count of Carrying a Dangerous Weapon. On January 14, 1994 the petitioner was sentenced to a total effective sentence of twenty years execution suspended after service of fifteen years followed by three years of probation. The petitioner is presently an inmate in the custody of the Commissioner of Corrections, serving the imposed sentence.
In the underlying criminal proceedings, the petitioner was represented at the trial court level by Attorney Donald Dakers.
In the First Count of the said petition, the petitioner alleges that that his confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his claim that he was rendered ineffective assistance of counsel in the underlying criminal proceedings by virtue of the fact that his trial attorney, Attorney Dakers, failed to interview vital witnesses prior to trial and failed to call those vital witnesses at the time of trial.
In the Second Count of the petition, the petitioner alleges that his that his confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his claim that he was rendered ineffective assistance of counsel in the underlying criminal proceedings by virtue of the failure of his trial counsel to accompany the petitioner to the petitioner's pre-sentence investigation interview. CT Page 11562
At the habeas trial, the petitioner testified that his aunt and two sisters were identified by the petitioner as witnesses that Attorney Dakers should interview and call as witnesses at the time of trial because, as the petitioner testified, ". . . they could prove me innocent". The petitioner further testified that Attorney Dakers did not interview or call the petitioner's aunt or the petitioner's sisters as witnesses at the time of trial.
Attorney Dakers testified that he has been practicing criminal law for more than 34 years, that he was the head of the New Haven Public Defender's Office for many years and that he has extensive criminal trial experience.
Dakers testified further that he met with the petitioner many times prior to trial both in Court and in correctional facilities where the petitioner was housed. Dakers further testified that in his mind, the State's case against the petitioner was a "one witness case" and that the best trial strategy. was to attempt to discredit that one witness.
Dakers acknowledged that the petitioner did mention his mother and one sister as potential witnesses but that he did not mention his aunt or other sister as potential witnesses. Dakers further acknowledged that the petitioner's case was fully investigated with the assistance of a full time investigator employed by New Haven Legal Assistance.
Dakers acknowledged that a PSI was prepared and he acknowledged further that he was familiar with the provision of the Practice Book that allows counsel to accompany defendants at PSI interviews. Dakers testified, and the Court finds, that he did review the PSI with the petitioner prior to the sentencing and that the petitioner was "very upset" with the statement in the PSI that indicated that the petitioner admitted committing the crime of which he was convicted. Dakers asserts that he did not advise the sentencing court that the petitioner was upset with the PSI as Dakers believed that there was a benefit to be realized in admitting to the crime at the time of sentencing. Dakers further noted that in all his years of practice it has never been his practice to accompany clients to PSI interviews and that he would only do so in a most unusual circumstance.
Dakers further noted, and the Court so finds, that none of the letters that the petitioner sent to Dakers refer to any CT Page 11563 witnesses that should be called at the time of trial.
Although the petitioner indicated on the first day of this habeas trial that two of his sisters were scheduled to appear and testify on his behalf the Court waited to the end of the Court day for the said sisters to appear and they did not so appear. The Court accordingly granted a continuance of the habeas trial to permit the petitioner's sisters to so appear and testify on a subsequent date. The trial resumed on May 3, 1999 at which time the petitioner's habeas counsel advised that subpoenas had been issued for the petitioner's sisters but that notwithstanding service of said subpoenas the sisters did not appear to so testify at the continued habeas trial. Upon the non-appearance of the petitioner's sister, this Court inquired if the petitioner desired to have a capias issued for his sisters. The petitioner indicated that he did not desire to have such a capias issued whereupon the habeas trial was concluded.
Generally, in order for the petitioner in a habeas proceeding to succeed in his claim that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668
(1984), Bunkley v. Commissioner, 222 Conn. 444 (1992), Conas v.Commissioner, 234 Conn. 139 (1995).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the Federal constitution and by Article First, Section 8 of the Connecticut constitution. In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352 (1989). Competent representation is not to be equated with perfection. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." Jeffrey v.Commissioner, 36 Conn. App. 216 (1994) (citations omitted). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. Johnson v. Commissioner,36 Conn. App. 695 (1995).
In Strikland, the Supreme Court also noted that "Judicial CT Page 11564 scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a Court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Stricklandv. Washington, supra, 466 U.S. 689-90; Quintana v. Warden,220 Conn. 1 (1991); Williams v. Warden, 217 Conn. 419 (1991); Jeffreyv. Commissioner, 36 Conn. App. 216 (1994).
With respect to the prejudice component of the Strickland test, as a general proposition, the petitioner must demonstrate that. . . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland v. Washington, supra 466 U.S. 687. Accordingly, "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.Copas v. Commissioner, 234 Conn. 139 (1995). "A reasonable probability is a probability sufficient to undermine confidence in-the outcome." Strickland v. Washington, supra 466 U.S. 694. "`When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" Fair v., § 211 Conn. 398, 408 (1989); Jeffreyv. Commissioner, 36 Conn. App. 216 (1994).
The Court has carefully considered all of the evidence CT Page 11565 presented at the habeas trial and has further carefully considered and assessed the credibility of all of the witnesses who testified at said trial. The Court has also carefully considered the arguments of counsel presented to the Court at the conclusion of the habeas trial.
As regards the First Count of the Petition, the Court finds that the petitioner has failed to meet his burden in this matter. The evidence presented does not substantiate the petitioner's claim that Attorney Dakers rendered ineffective assistance of counsel at the underlying trial. Accordingly, the habeas relied sough in the First Count of the petition is denied
As regards the Second Count of the Petition, the Court finds that the petitioner has failed to meet his burden in this matter as well. The evidence presented at the habeas trial does not substantiate the petitioner's claim that he was denied the effective assistance of counsel. The evidence disclosed, and the Court finds, that the petitioner did meet with his trial counsel before the PSI interview. The evidence further disclosed, and the Court finds, that trial counsel reviewed the PSI with the petitioner prior to the sentencing hearing and that the petitioner was given an opportunity to be heard at the time of his sentencing.
While the petitioner's trial attorney may have been allowed to accompany the petitioner to his PSI interview there is no requirement that the petitioner's trial attorney do so. There is further no evidence that the petitioner requested that his trial counsel accompany the petitioner to the said PSI interview or that the petitioner's trial attorney refused to so accompany the petitioner.
The Court finds that the failure of the petitioner's trial counsel to accompany the petitioner to his PSI interview does not rise to the level upon which this Court could base a finding that the petitioner was denied his constitutional right to the effective assistance of counsel. Accordingly, the habeas relief sought in Count Two of the petition is also denied.
BY THE COURT
Carroll, J. CT Page 11566